**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HARBOR DEVELOPMENT, LLC,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-26-1570** |
| **CROWNED SOLUTION GROUP, INC. et al.,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Harbor Development, LLC d/b/a Harbor Builders ("Harbor Builders") filed suit against Defendants Crowned Solution Group, Inc. ("CSG") and Pedro Coronado Velarde. (ECF No. 1.) Defendants have filed a Motion to Dismiss, (ECF No. 11), which will be denied.

## *I. Factual Background*

This matter relates to a construction project dispute. (*See generally* ECF No. 1.) On April 30, 2020, Harbor Builders and CSG entered into a Master Services Agreement ("MSA") to govern future construction projects. (*Id.* ¶ 8.) On July 13, 2022, Harbor Builders entered into a contract with Brandywine Partners, LLC ("Brandywine") "wherein Harbor Builders agreed to . . . work to construct the Shops at Brandywine Village" ("the Project"). (*Id.* ¶ 16.) On July 15, 2022:

> [P]ursuant to the terms of the MSA, Harbor Builders entered into a subcontract with [CSG], wherein [CSG] agreed to furnish the labor, equipment, supplies, and material required to complete the electrical work required under the Brandywine/Harbor Contract, and Harbor Builders agreed to pay $147,800 for the same (the "Subcontract").

(*Id.* ¶ 17.)

Harbor Builders alleges that CSG "failed to properly install and complete the Electrical Work at the Project" and that there were "[n]umerous deficiencies and omissions" in their work.

(*Id.* ¶ 20.) Due to this allegedly deficient work, the Project was delayed and Harbor Builders suffered damages. (*Id.* ¶ 21.) On April 29, 2023, "Brandywine, via email, put Harbor Builders on notice that liquidated damages were in effect due to delays on the Project, which resulted from Crowned Solution Group's deficient and incomplete work." (*Id.* ¶ 22.) On March 5, 2024, Brandywine sent Harbor Builders a notice of intent to terminate, and on March 14, 2024, Brandywine issued a termination letter to Harbor Builders. (*Id.* ¶¶ 23–24.) On August 20, 2024, Brandywine filed an action against Harbor Builders in the Circuit Court for Prince George's County. (*Id.* ¶ 25.) Brandywine and Harbor Builders have settled that action. (*Id.* ¶ 26.)

Harbor Builders alleges that it has incurred damages of not less than $850,000. (*Id.* ¶ 26.) It brings three claims: Breach of Contract against CSG (Count I); Breach of Personal Guarantee against Velarde (Count II); Indemnification against both CSG and Velarde (Count III); and Negligent Misrepresentation against both CSG and Velarde (Count IV). (*Id.* ¶¶ 28–56.)

## *II. Legal Standard*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Generally, the Court's review under Rule 12(b)(6) is limited to the allegations in the complaint and documents incorporated into it or properly attached as exhibits. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606. District courts have "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6)

motion and rely on it, thereby converting the motion [to one of summary judgment], or to reject it or simply not consider it." *Sager v. Housing Comm'n of Anne Arundel Cty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) (citation omitted). Conversion to a motion for summary judgment is not appropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011).

***III. Analysis***

In their Motion to Dismiss, Defendants argue that the Complaint must be dismissed in its entirety because Harbor Builders' claims are time-barred under Maryland's three-year statute of limitations. (ECF No. 11.) For the reasons that follow, the Motion will be denied.

Defendants argue that the breach of contract in this case occurred in early 2023, that Harbor Builders sent them a demand letter on March 1, 2023, proposing a recovery schedule, and that Harbor Builders then filed this action on April 22, 2026, after the statute of limitations had run. (ECF No. 11-1 at 1–2.) Defendants attach various documents to their Motion, including the March 1, 2023 demand letter. (ECF No. 11-3.) Defendants argue that the letter "constitutes compelling evidence that Plaintiff knew or reasonably should have known of delays and potential claims arising from the project." (ECF No. 11-1 at 3.) Defendants also explain that "Ezra Hercenberg, employee of Harbor Development, LLC, stated that Pedro Coronado had received the demand letter, was refusing to show up, and requested that Pedro provide his counsel's contact information as soon as possible, reflecting Plaintiff's allegation of nonperformance or delay." (*Id.* at 4.) In short, Defendants argue that "Plaintiff's assertion that its claims did not accrue until April 29, 2023, is contradicted by the factual record" shown by their attached documents and related arguments. (*Id.* at 5.)

Noncompliance with a statute of limitations is an affirmative defense and:

> [A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative

> defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense clearly appear *on the face of the complaint.*

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citation and alterations omitted, emphasis in original). The Complaint alleges that Brandywine notified Harbor Builders that liquidated damages were due on account of the delay caused by Defendants on April 29, 2023. (ECF No. 1 ¶ 22.) The Complaint does not include allegations suggesting that Harbor Builders was on notice of the deficiency prior that date. (*See generally id.*) Whether Harbor Builders was indeed on notice prior to that date is a question of fact, appropriate for a later stage of litigation. On that basis alone, the Motion to Dismiss must be denied.

Further, Defendants misapprehend the Court's role in deciding a Rule 12(b)(6) motion. The Court generally cannot yet consider information outside of the pleadings. *Goines*, 822 F.3d at 166. But Defendants ask the Court to consider information not contained in the Complaint, and attach documents purportedly demonstrating that the statute of limitations has run. In short, the pending Motion contains arguments more appropriate for a motion for summary judgment. (*See* ECF No. 11-1 at 5 ("Here, *the facts are undisputed* the March 1, 2023, demand letter through counsel and the multiple emails prior to April 29, 2023—*establish as a matter of law* that Plaintiff's cause of action accrued no later than March 1, 2023." (emphasis added))); Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is *no genuine dispute as to any material fact* and the movant *is entitled to judgment as a matter of law*." (emphasis added)).

The Defendants did not ask the Court to convert their Motion into one brought pursuant to Rule 56, and in fact they argue that the Court need not convert the Motion to consider the additional

facts, including the demand letter. (*See* ECF No. 15 at 4.)[1] It is true that "a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was integral to the complaint and authentic." *Goines*, 822 F.3d at 164. However, the documents at issue here are not integral to the complaint. To be integral, the "plaintiff's claims must turn on, or otherwise be based on, the contents of the document." *Brentzel v. Fairfax Transfer and Storage, Inc.*, Civ. No. 21-1025, 2021 WL 6138286, at *2 (4th. Cir. Dec. 29, 2021) (per curiam) (citation omitted). A document is integral only if its "very existence, and *not the mere information it contains*, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis original) (citation omitted). The demand letter and other documents attached to the Motion to Dismiss do not give rise to Harbor Builders' claims and, thus, are not integral. The Court cannot consider them in ruling pursuant to Rule 12(b)(6).

***IV. Conclusion***

For the foregoing reasons, it is ORDERED that the Motion to Dismiss (ECF No. 11) is DENIED.

DATED this 29 day of October, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge

[1] Even if Defendants had made this request, conversion to a summary judgment motion would be premature, given that no discovery has yet occurred. *See E.I. du Pont de Nemours*, 637 F.3d at 448–49.